## In the Supreme Court of Pennsylvania.

## RODGERS *v*. THE RIDDLESBURG COAL AND IRON COMPANY.

1. The admission of copies of field notes of a person who was not even the deputy-surveyor, cannot be admitted.

2. An ancient paper is not only one of great age, but it must come from the proper authority to be admitted.

**Error to the Court of Common Pleas of Bedford County.**

Opinion delivered June 11th, 1874, by

Gordon, J. The admission of the field notes proved by Daniel Sams was erroneous. The notes of a deputy-surveyor may be given in evidence for the purpose of showing location and boundary : Payne v. Craft, 7 W. & S. 458. But we do not understand that Cassiday was the deputy-surveyor who located the warrants, or that the papers offered and admitted were his notes. Sams does not pretend to say that these notes were original, but on the contrary, is of the decided opinion that they were only copies. But whether they were even copies or not is left very much in the dark. Sams believes they were such, because he compared them with some ancient notes which Major Crisswell informed him were Cassiday's. This, of course, was evidence of nothing ; they were no more than the witness' own notes, made without authority, and to admit them as evidence was going further than is warranted by any authority yet promulgated.

So the admission of the John Stone draft was error. So far as shown to us it does not appear to be an official paper, neither is it part of the title in controversy, but is used only because the Stone survey is one of the general block of which the Mowing survey is part.

This unofficial paper was used to fix the lines of survey as they run upon the ground. As such ·it was of the highest importance in settling the title to the land in controversy. But of this the best evidence was the return of survey to be found in the land office. It is said that this is an ancient paper, and as such was properly admitted. But in order to the admission of a paper on such grounds, it must appear to be, not only of great age, but to have come from the proper custody : Lau v. Mumma, 7 Wright, 267. The proper custodian of a paper of this kind is the surveyor-general, and his certificate and seal to a copy of the Stone survey would have made it evidence. Why then talk about the admission of a paper as ancient when it can be proved in a manner so simple and easy? We admit such papers without proof of execution only *ex necessitate*, and never when such proof is convenient. We discover no error in the ruling under the third exception.

Judgment reversed and a *venire facias de novo* awarded.